**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| STEVE CORDELL DOBSON, ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | CR  02-0155-2 PHX JAT |
| v. ) | CIV 06-1539 PHX JAT (MEA) |
| ) | |
| UNITED STATES OF AMERICA ) | REPORT AND RECOMMENDATION |
| ) | |
| Plaintiff/Respondent ) | |
| ) | |
| _____ ) | |

**TO THE HONORABLE JAMES A. TEILBORG:**

Mr. Steve Dobson("Movant") is in the custody of the Federal Correctional Institution in Memphis, Tennessee. Movant filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered by the Court, on June 12, 2006. Respondent filed a Response to Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on December 6, 2006. See Docket No. 330. On January 23, 2007, Movant filed a reply to the response. Docket No. 338.

**I   Procedural History**

In February of 2002, Movant was charged by a grand jury indictment in the District of Arizona with Conspiracy to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841 and 846, and Attempted Possession with the Intent to

Distribute Cocaine, also in violation of 21 U.S.C. §§ 841 and 846.  See Docket No. 1.  Prior to trial, Movant filed a motion seeking to be allowed to inform the jury of a mandatory sentence if Movant was found guilty, which motion was denied.  Docket No. 103 & Docket No. 119.

In late 2002 Movant and his co-defendants were tried before a jury.  No defendant testified at the trial.  On December 12, 2002, the jury returned verdicts of guilty as to Defendant on both counts charged.  Id. Docket Nos. 150 & 151. On November 19, 2003, Movant was sentenced to the statutory mandatory minimum sentence of 120 months imprisonment on each count of conviction, the sentences to be served concurrently, and five years of supervised release.  Docket No. 262.

Movant filed a timely appeal of his convictions and sentences on October 26, 2003.  Docket No. 265.  Movant alleged he was entitled to reversal of his convictions because: (1) the evidence introduced in support of each of the charges against him was insufficient to convict him; (2) section 846 is unconstitutionally ambiguous; (3) he was deprived of his right to the effective assistance of counsel; (4) prosecutorial misconduct during the examination of government witnesses; (5) the trial court erred by prohibiting defense counsel from informing the jury Movant was subject to a mandatory minimum sentence of ten years if convicted.  Response, Attach. A.

The Ninth Circuit Court of Appeals heard oral argument regarding Movant's direct appeal on November 2, 2004.  On November 23, 2004, the Court of Appeals affirmed Movant's convictions and sentences in a memorandum decision.  See United

States v. Martin, 117 Fed. App. 509 (9th Cir. 2003). Movant petitioned for certiorari of this decision, which petition was denied by the Supreme Court on January 23, 2006.

In his section 2255 motion Movant asserts he is entitled to relief from his convictions and sentences pursuant to section 2255 because: (1) he was deprived of his right to the effective assistance of counsel because counsel did not permit him to testify, because counsel did not object to improper jury communication, and because counsel did not file a motion for a new trial after the verdicts were reached based on this improper communication; (2) he was convicted without sufficient evidence to support two elements of the crime of possession with intent to distribute; (3) there was insufficient evidence to establish a conspiracy; (4) the prosecution failed to disclose a video tape which Movant alleges would have established his lack of knowledge; (5) the trial court failed to determine the nature of an improper communication between the prosecutor and a juror; (6) he was convicted of two charges in violation of his right to be free of double jeopardy, because the acts for which he was convicted are a single crime.

## II **Analysis**

Movant raised his second and third claims for relief in his direct appeal, and the claims were rejected by the Ninth Circuit Court of Appeals. Additionally, Movant raised his claim that his counsel was ineffective for not permitting him to testify in his direct appeal, which claim was also rejected by the Court of Appeals.

A section 2255 claim that was raised and decided in the movant's direct appeal is precluded. See, e.g., United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999);[1] United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998).

Additionally, absent a showing of cause and prejudice, a federal habeas petitioner procedurally defaults all claims which are not raised in his direct appeal, other than claims asserting the petitioner was deprived of the effective assistance of counsel. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); United States v. Ware, 416 F.3d 1118, 1121 (9th Cir. 2005); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594. See also United States v. Mejia-Mesa, 153 F.3d 925, 928 (9th Cir. 1998); United States v. Galloway, 56 F.3d 1239, 1240-41 (10th

---

[1] Scrivner's Fifth Amendment claim was presented to this court on direct appeal in Scrivner I and rejected on the merits. See 656 So.2d 457, 1995 WL 298932 at *5. That decision is binding on our resolution of the case. See Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.")

Cir. 1995) (noting that ineffective assistance of counsel claims are properly raised in a § 2255 proceeding).

Movant did not raise his claims regarding an alleged violation of Brady v. Maryland and allegedly improper communication between the prosecutor and a juror in his direct appeal. Movant has not shown cause for, nor prejudice arising from, his procedural default of these claims. Movant does not assert that he is factually innocent of the crimes of conviction, but instead that he is legally innocent of the crimes as charged. Therefore, the claims are barred because Movant did not raise them in his direct appeal and he has not shown cause for his procedural default of these claims or actual prejudice arising from his default of these claims.

Movant raised some of the claims presented herein in his direct appeal. Movant asserted in his direct appeal, *inter alia*, that he was deprived of his right to the effective assistance of counsel because counsel did not permit him to testify, that there was insufficient evidence to support conviction on the charges against him, and that he was convicted in violation of his right to be free of double jeopardy. All of these claims were rejected by the Ninth Circuit Court of Appeals. Accordingly, the Court may not grant habeas relief based on any of these claims which were previously raised and decided by the Court of Appeals. See Scrivner, 189 F.3d at 282.

Claims of ineffective assistance of counsel are properly raised for the first time in a section 2255 action. See United States v. McKenna, 327 F.3d 830, 845 (9th Cir. 2003). Movant's claims of ineffective assistance of counsel which were

-5-

not asserted in Movant's direct appeal are, therefore, not procedurally barred.

Movant contends his counsel was ineffective because counsel did not object to improper juror communication and because counsel did not file a motion for a new trial based on this ground.

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

In order to find that Movant was deprived of the effective assistance of counsel and grant him habeas relief, the Court must conclude counsel's performance was incompetent and that his deficient trial performance prejudiced Movant.

> [N]ot every case of deficient performance under Strickland represents a constructive denial of the right to counsel. In fact, it will be the rare claim of ineffective assistance that is tantamount to a constructive denial of counsel. Strickland remains the norm for ineffective assistance claims, and the Supreme Court has made clear that it will not countenance a per-se prejudice exception which will swallow the actual prejudice Strickland rule.

Glover v. Miro, 262 F.3d 268, 276-77 (4th Cir. 2001). See also Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001); United

-6-

1  States v. Cruz-Mendoza, 147 F.3d 1069, 1072 (9th Cir. 1998),
2  cert. denied, 528 U.S. 1013 (1999).

3  Movant must overcome a strong presumption that his
4  counsel's representation was within a wide range of reasonable
5  professional assistance. See United States v. Molina, 934 F.2d
6  1440, 1447 (9th Cir. 1991). Movant must establish that, but for
7  counsel's error, the result of his trial would have been
8  different. See Hasan, 254 F.3d at 1154. Additionally, Movant
9  bears the burden of providing sufficient evidence from which the
10 Court can conclude his counsel was ineffective. See Turner v.
11 Calderon, 281 F.3d 851, 878 (9th Cir. 2002).

12 Counsel is not ineffective if counsel "fails" to raise
13 a meritless argument. See, e.g., Wilson v. Henry, 185 F.3d 986,
14 991 (9th Cir. 1999); James v. Borg, 24 F.3d 20, 27 (9th Cir.
15 1994); Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir.
16 1992); Baumann v. United States, 692 F.2d 565, 572 (9th Cir.
17 1982) ("The failure to raise a meritless legal argument does not
18 constitute ineffective assistance of counsel."). Additionally,
19 Movant is not entitled to relief from his conviction on the
20 merits of this claim if his counsel's decisions might be
21 considered sound trial strategy. See Molina, 934 F.2d at 1447.

22 Respondents produce evidence, in the form of
23 transcripts of the relevant court proceedings, that the
24 communication between the prosecutor and the juror during
25 Movant's trial did not involve the facts of the case, and that
26 the trial court investigated the communication and whether the
27 communication might prejudice the jury. Response, Attach. A.
28 The communication, a question from the juror to the prosecutor

regarding how many more witnesses were to be called, was determined by the trial court to be *de minimus* and non-prejudicial and no defense counsel (defendants were tried together) objected to the jurors proceeding with the case. Id., Exh. A.

Movant's counsel would not have succeeded on a motion for a mistrial, or a motion for a new trial after the verdict was reached, based on this communication. Therefore, counsel's performance was not deficient and Movant was not prejudiced by any alleged failure of counsel to object to the communication as being prejudicial or by failing to file a motion for a new trial based on this communication. See Wilson v. Henry, 185 F.3d 986, 991 (9th Cir. 1999).

The Court also concludes Movant's constitutional rights were not violated by any "decision" made by counsel that Movant should remain silent at his trial. Cf. United States v. Pino-Noriega, 189 F.l3d 1089, 1094-95 (9th Cir. 1999). Movant alleged in his direct appeal that his counsel was ineffective for not allowing Movant to testify at trial. See Martin, 117 Fed. App. at 512. The Ninth Circuit Court of Appeals rejected this claim on the merits after reviewing the record, which decision is not reviewable by this Court. See Hayes, 231 F.3d at 1139.[2]

Movant now again asserts that his counsel was ineffective for not allowing Movant to testify and further

---

[2] The Ninth Circuit stated: "Dobson's remaining claims lack merit. After a thorough review of the record, we find that none of the arguments regarding ineffective assistance of counsel, prosecutorial misconduct, and his motion in limine require reversal."

alleges his counsel threatened Movant with adverse consequences if Movant requested to testify at his trial. Docket No. 338 at 10-12. Movant did not allege in his direct appeal that his counsel threatened him, nor does he now provide any evidence other than his conclusory allegation that counsel threatened him.[3]

Respondent produces evidence, i.e., an affidavit sworn to by counsel, that defense counsel discussed Movant's testifying at trial with Movant, and that he did not threaten Movant. Response, Attach. A.[4] This evidence stands unimpeached.

To the extent Movant contends his appellate counsel was ineffective, the Court concludes appellate counsel was not ineffective for "failing" to raise the claims stated by Movant in this matter, which essentially re-argues the claims denied in his direct appeal. Because Movant has failed to suggest any specific issues which could have been raised on direct appeal, and would have likely provided grounds for reversal, he has not shown prejudice. See Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001). Movant has not shown he was prejudiced by any alleged failure of counsel to raise a particular argument. Movant has not provided the Court with a claim that appellate

---

[3] Movant was represented by five different counsel throughout his criminal proceedings, and he and his co-defendants regularly filed motions seeking dismissal and substitution of counsel.

[4] Defense counsel avers to the Court: "That it was only near the conclusion of the government's initial closing argument on December 11, 2002 did [Movant] express to me that he wanted to testify. After [Movant] expressed to me that he wanted to testify, I advised the Court of this fact." Response, Attach. Counsel has further stated: "At no time did I prevent [Movant] from testifying on his own behalf," and that "At no time did I threaten [Movant] to keep him from testifying." Id., Attach.

-9-

counsel failed to raise which would have been a "dead-bang winner." <u>Banks v. Reynolds</u>, 54 F.3d 1508, 1515 (10th Cir. 1995).

**CONCLUSION**

Most of Movant's claims for relief, including his double jeopardy claim, were raised in his direct appeal and rejected by the Ninth Circuit Court of Appeals and, therefore, relief on these claims by this Court is precluded. With the exception of some of Movant's claims regarding ineffective assistance of counsel, Movant's other claims are procedurally barred because Movant failed to raise the claims in his direct appeal and Movant has not shown cause and prejudice regarding his default of these claims. Additionally, Movant has not established that he was deprived of his constitutional right to the effective assistance of counsel because he offers no evidence his counsel's performance was deficient or that he was prejudiced by any alleged deficiency.

**IT IS THEREFORE RECOMMENDED** that Mr. Dobson's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 31st day of January, 2007.

_____
Mark E. Aspey
United States Magistrate Judge