**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Cordell Dobson, ) | CR 02-0155-2 PHX-JAT |
| ) | CV 06-1539-PHX-JAT (MEA) |
| Movant, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Movant Steve Cordell Dobson's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed on June 12, 2006 (Doc. #306). This action was referred to Magistrate Judge Mark E. Aspey, who issued a Report and Recommendation ("R&R") on February 1, 2007. In the R&R, Judge Aspey recommended that the Movant's motion for relief from his convictions and sentences be denied and dismissed with prejudice (Doc. #342). Movant timely filed Objections to the R&R on February 20, 2007 (Doc. #343). Also pending before the Court is Movant's Motion for Discovery and Request for an Evidentiary Hearing (Doc. #345).

**I. STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

(9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'").  Because Movant filed objections, the Court will review the motion and R&R *de novo*.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2002, a grand jury indicted Movant in Arizona District Court on charges of Conspiracy to Possess with the Intent to Distribute Cocaine, and Attempted Possession with the Intent to Distribute Cocaine (Doc. #147).  Movant was tried before a jury, and on December 12, 2002, the jury returned guilty verdicts as to Movant on both counts.  On November 19, 2003, judgment was entered and Movant was sentenced to a term of 120 months imprisonment and five years of supervised release (Doc. #262).

Movant filed a direct appeal of this conviction on November 26, 2003 (Doc. #265). On November 23, 2004, the Ninth Circuit Court of Appeals affirmed Movant's conviction (Doc. #303).  The Supreme Court denied Movant's petition for certiorari of this decision.

On June 12, 2006, Movant filed the currently pending pro se Motion to Vacate under 28 U.S.C. § 2255 (Doc. #306).  In his motion, Movant claims that he is entitled to relief from his convictions and sentences under section 2255.  On February 20, 2007, Movant filed objections to Magistrate Judge Aspey's R&R recommending that the motion be denied (Doc. #343).

## III. ANALYSIS

In his Objections to the R&R, Movant urges the Court to consider his pro se status and construe his pleadings liberally.  While pro se inmate claimants' pleadings are held to a less stringent standard than pleadings drafted by lawyers, the movant must still allege facts in support of his claim that would entitle him to relief.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The lessened pleading standards for pro se litigants allows such movants to proceed with claims, rather than have their potentially meritorious claims dismissed based on procedural technicalities. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

1  Cir. 1988). Regardless of legal representation, however, a movant must state a claim for
2  which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

3      Movant first objects to Magistrate Judge Aspey's authority to issue an R&R. 28
4  U.S.C.A. § 636(b) specifically allows Magistrate judges to submit to a district judge
5  "recommendations for the disposition...of applications for posttrial relief made by individuals
6  convicted of criminal offenses and of prisoner petitions challenging conditions of
7  confinement," such as this motion. Accordingly, the Court overrules this objection.

8      Movant objects to the R&R's use of the term "Habeas" and asks the Court to recognize
9  that he filed a section 2255 claim, rather than a Habeas Corpus petition. Objections at 3. The
10 R&R repeatedly states that Movant seeks relief under section 2255 and applies case law
11 relevant to section 2255. R&R at 1, 4-5, 10. The Court overrules this objection.

12     Movant raises six claims in his motion (some of which have multiple sub-parts). The
13 first claim, ineffective assistance of counsel, is properly raised for the first time in a section
14 2255 claim. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). The
15 Magistrate Judge denied the subsequent five claims because either those claims were raised
16 on appeal and decided by the Court of Appeals already, or because those claims could have
17 been raised on appeal, were not, and are, therefore, procedurally defaulted.

18     Movant objects to these conclusions. Preliminarily, the Court agrees with the
19 recommendation of the R&R that all claims except ineffective assistance of counsel have
20 either been raised with the Court of Appeals and decided on direct appeal, or could have been
21 raised with the Court of Appeals on direct appeal and were not. With respect to the claims
22 that have already been considered and decided by the Court of Appeals, the Court of Appeals
23 decision is the law of the case and this Court will not revisit it on habeas. *See U.S. v. Hayes*,
24 231 F.3d 1132, 1139 (9th Cir. 2000). Therefore, those claims are denied.

25     Additionally, the Court agrees that any claims besides ineffective assistance of
26 counsel that were not raised before the Court of Appeals were not exhausted and are now
27 procedurally defaulted. To overcome the procedural default, Movant must show cause and
28 prejudice for his default (or actual innocence). *See* R&R at 4-5.

1 Movant objects to the R&R's conclusion that he is precluded from raising procedurally 2 defaulted claims under section 2255. Objections at 4. Movant argues that he was denied his 3 "full and fair opportunity" to litigate his claims based on ineffectiveness of counsel. *Id.* 4 Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective 5 assistance claim has two components: A Movant must show that counsel's performance was 6 deficient, and that the deficiency prejudiced the defense. To establish deficient performance, 7 a Movant must demonstrate that counsel's representation fell below an objective standard of 8 reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and 9 quotations omitted). A deficient performance is one that is "outside the wide range of 10 professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show 11 prejudice, Movant "must show that there is a reasonable probability that, but for counsel's 12 unprofessional errors, the result of the proceeding would have been different. A reasonable 13 probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

14 The Court agrees with the R&R's conclusion that Movant's counsel was not 15 ineffective. The record demonstrates that Movant's counsel would not have succeeded on 16 a motion for mistrial or a new trial based on the allegedly improper juror communication; the 17 Court of Appeals rejected Movant's claim that his counsel's failure to have him testify 18 violated his Constitutional rights; and Movant's counsel submitted a sworn affidavit that he 19 did not threaten his client, as Movant first alleged four years after his conviction. R&R at 20 8-9, Response in Opposition to Motion to Vacate ("Response") at 12. Movant was 21 represented by five successive counsel during his criminal case, and now alleges that 22 ineffective assistance of the series of attorneys he dismissed is responsible for his failure to 23 bring all proper claims during his direct appeal.

24 In his Objections, Movant undertakes to identify how his counsel should have 25 conducted the trial. Mainly, Movant argues that his counsel should have allowed him to 26 testify, and did not adequately address the allegedly improper communication between the 27 prosecutor and a juror. Objections at 8. Movant argues that his counsel should have brought 28 the juror and a witness to the communication to the stand to testify about the nature of the

1  interaction. Objections at 12. However, the record shows that the communication between
2  the prosecutor and the juror did not involve the facts of the case, and the trial court
3  investigated the communication. R&R at 7. A juror approached Assistant United States
4  Attorney Andrew Pacheco and asked him how many more witnesses would testify.
5  Response at 6-7. Pacheco responded to the juror, "three or four, but we'll let the judge talk
6  to you about that." *Id.* at 7. Pacheco immediately notified the court of his contact with the
7  juror, and the court inquired into the interaction. *Id.* The court determined that the
8  communication did not involve the underlying facts of the case, and addressed all defense
9  counsel regarding the contact. No defense counsel objected, and both trial counsel and
10 appellate counsel for Movant noted in affidavits that they believed the communication did
11 not involve the facts of the case and did not prejudice the jury. *Id.*

12 Movant raised his ineffective assistance of counsel claim in his direct appeal and
13 based on its review of the record, the Ninth Circuit rejected this claim. Response at 11. Even
14 though a defendant is typically not permitted to relitigate ineffectiveness of counsel in a
15 section 2255 claim if the Ninth Circuit has reviewed and rejected the claim on direct appeal,
16 *see Battaglia v. United States*, 428 F.2d 957, 960 (9th Cir. 1970), this Court has nonetheless
17 considered the merits of the ineffective assistance of counsel claim. The Court finds that
18 counsel was not ineffective for using his own professional judgment to not raise a meritless
19 argument and move for a mistrial or new trial, as Movant wanted. The Court also finds that
20 Movant cannot show prejudice from any of these decisions. Therefore, the objections of
21 ineffective counsel based on the juror communication and Movant not testifying are
22 overruled.

23 Movant also claims that the ineffectiveness of his counsel caused him to procedurally
24 default his claim under *Brady v. Maryland* 373 U.S. 83 (1963). Movant's direct appeal did
25 not address the prosecutor's alleged *Brady* violation. Under *Brady*, "the suppression by the
26 prosecution of evidence favorable to an accused upon request violates due process where the
27 evidence is material either to guilt or punishment; irrespective of the good faith or bad faith
28 of the prosecution." 373 U.S. at 87. To establish a *Brady* violation, Movant must prove three

- 5 -

1 elements: (1) the evidence is favorable to the accused, either because it is exculpatory, or 2 because it is impeaching; (2) the prosecutor, either willfully or inadvertently, suppressed the 3 evidence; and (3) the accused suffered prejudice. *Stickler v. Greene*, 527 U.S. 263, 281 4 (1999).

5 In his Objections, Movant makes unsubstantiated allegations that the prosecutor 6 submitted known false evidence and omitted a portion of a videotape that would have 7 impeached the credibility of a witness for the prosecution. Objections at 9. The prosecution 8 states, however, that the entire videotape made during the undercover operation in Nashville 9 was marked and admitted into evidence. Response at 6. While the videotape was not played 10 in its entirety during the trial, the prosecution claims that it showed the jury all portions of 11 the videotape depicting Movant's actions. *Id*. Movant argues that he should not be precluded 12 from raising the *Brady* claim he failed to raise on direct appeal based on allegations of 13 prosecutorial misconduct and the ineffectiveness of his counsel. However, Movant lacks 14 factual support for his allegations, and the Court determines that Movant's counsel was not 15 ineffective for failing to raise a *Brady* claim.

16 Counsel is not ineffective for failing to raise a meritless argument, *see Wilson v.* 17 *Henry*, 185 F.3d 986, 991 (9th Cir. 1999), and the record supports the prosecutor's assertion 18 that he admitted the entire videotape into evidence. Because there was no evidentiary 19 support for the alleged *Brady* violation, the Court finds Movant's counsel was not ineffective 20 for failing to raise this unsubstantiated claim against the prosecutor. Movant fails to show 21 either sufficient cause for, or prejudice arising from, his procedural default of this claim. 22 Because Movant did not make this claim in his direct appeal, and does not provide cause for 23 or prejudice arising from his default of the claim, the *Brady* claim is barred. Morever, even 24 if the *Brady* claim was not barred by procedural default, as the Court has indicated, the claim 25 would fail on the merits because Movant has presented no evidence that the entire tape was 26 not available to both the defense and the jury.

27 Additionally, Movant requests an evidentiary hearing regarding the communication 28 between the prosecutor and a juror. Document #345. No evidentiary hearing is necessary

1 if this Court "is able to determine without a hearing that the allegations are without
2 credibility or that the allegations if true would not warrant a new trial . . ." *United States v.*
3 *Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991).  A court should consider "the content
4 of the allegations, the seriousness of the alleged misconduct, and the credibility of the
5 source" in determining whether to hold an evidentiary hearing regarding alleged juror
6 misconduct. *United States v. Decoud*, 456 F.3d 996, 1018 (9th Cir. 2006).

7 In this case, Movant seeks an evidentiary hearing on Movant's allegation that the
8 prosecutor spoke to a juror regarding Movant's co-defendant's potential murder charge.
9 Movant's claims regarding this conversation are not substantiated by the record.  Specifically,
10 the Court had a hearing on this issue during trial and determined that the contact was not
11 related to the underlying facts of the case and would not be prejudicial towards the defendant.
12 The Court found that the prosecutor responding to a juror's specific question about the
13 number of witnesses to come did not affect the verdict, and there was no evidence to suggest
14 that the communication was anything other than the innocuous interaction stated in the
15 record.  Thus, the trial court essentially already held a hearing regarding the substance of this
16 conversation.  Nothing in Movant's unsubstantiated allegations suggests that a second
17 evidentiary hearing would produce a different result.  Morever, notwithstanding that
18 Movant's claims of improper juror communication and prosecutorial misconduct are entirely
19 unsupported by the record, even if an evidentiary hearing proved Movant's claims to be true,
20 those claims would be procedurally defaulted because they were not raised on direct appeal.
21 Accordingly, the Court denies Movant's request for an evidentiary hearing.

22 Finally, the Court does not find discovery of the videotape evidence and a transcript
23 of the discussion between the Judge and counsel in chambers, as requested by Movant,
24 necessary.  There is no evidence in the record to contradict the prosecutor's assertion that the
25 entire videotape was admitted into evidence at trial and available to both the jury and defense
26 counsel.  Thus, this Court now providing the entire videotape to Movant is unnecessary, even
27 if it would show what Movant claims it shows, because the entire videotape was already
28

1 made available to all parties and the jury at trial. Also, the court reporter was not present
2 during the in chambers discussion and no transcript can be made. Therefore, no discovery
3 on this issue is available because the relief Movant seeks is not possible. Accordingly, the
4 Court denies Movant's discovery requests.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. #342) is accepted and adopted, Movant's objections (Doc. #343) are overruled and the Motion to Vacate (Doc. #306) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Movant's Motion for Discovery and Request for an Evidentiary Hearing (Doc. #345) is denied.

DATED this 26th day of June, 2007.

_____
James A. Teilborg
United States District Judge